**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-24405-BLOOM**

BONELSON TAILLEFER,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER,

Respondent.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Bonelson Taillefer's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). ECF No. [1]. Petitioner challenges his immigration detention and seeks immediate release from custody or a bond hearing before an immigration judge. *Id*. ¶¶ 5, 13, 15. The Court ordered a response from Respondent. *See* ECF No. [4]. The Court has considered the Petition, the Response, the Reply, the record in this case, applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed without prejudice.

The Court cannot grant habeas relief if it lacks subject matter jurisdiction over the Petition in the first place; as such, the Court is obliged to consider its own jurisdiction. *See Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("In the federal tandem, jurisdiction takes precedence over the merits. Unless and until jurisdiction is found, both appellate and trial courts should eschew substantive adjudication." (alterations added and citations omitted)). "Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Under § 2241, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("[J]urisdiction for § 2241 petitions lies only in the district of confinement[.]" (alterations added)). Jurisdiction attaches when the habeas petition is filed. *See Barry v. Harden*, No. 2:26-CV-65-KCD-DNF, 2026 WL 160845, at *1 (M.D. Fla. Jan. 21, 2026) ("The rule is simple: jurisdiction attaches when the habeas petition is filed.").

On June 22, 2026, Petitioner was transferred to the Adams County Correctional Center in Adams, Mississippi. ECF No. [5-4] at 1. On June 23, 2026, the Petition was mailed *via* Fed Ex by a third party. *See* ECF No. [1-1] at 20. On June 25, 2026, the Clerk of Court received and docketed the Petition. *See generally* Docket; ECF No. [1] at 1. Accordingly, the Petition is deemed filed on June 25, 2026.[1] *See DeLeon v. Futran Tech. Inc.*, 2025 WL 2406116, at *1 (11th Cir. Aug. 20, 2025) ("The timeliness of a non-prisoner filing is based on when a document is received by the court, not the date of mailing." (citing *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984))). On June 25, 2026, Petitioner was not confined within the Southern District of Florida. *See* ECF No. [5-4] at 1. Accordingly, this Court lacks jurisdiction over the Petition. *Rumsfeld*, 542

[1] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Although the Eleventh Circuit has not specifically held that the prison mailbox rule applies to immigration detainees, it has explained that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally." *Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up); *see also Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) ("[T]he prison mailbox rule applies to *pro se* detainees in immigration proceedings."); *Phadael v. Ripa*, No. 24-CV-22227, 2024 WL 3088350, at *1 (S.D. Fla. June 21, 2024). However, the prison mailbox rule does not apply in this case because Petitioner did not use his detention facility's mail system to file the Petition. *See Garvey v. Vaughn*, 993 F.2d 776, 782 n.15 (11th Cir. 1993); *see also Anderson v. Sampson*, No. 3:22-CV-00087-TES-CHW, 2023 WL 5049260, at *1 (M.D. Ga. Aug. 8, 2023) ("[Petitioner's] choice to mail his filings outside of the prison mail system strips him of the benefit given by the prison mailbox rule." (alteration added)).

U.S. at 443; *Garcia*, 470 F. App'x at 736 ("[J]urisdiction for § 2241 petitions lies only in the district of confinement[.]" (alterations added)). Because the Court lacks jurisdiction over the Petition, it shall be dismissed without prejudice. *See Nalls v. Countrywide Home Servs., LLC*, 279 F. App'x 824, 825 (11th Cir. 2008) ("If a district court determines that it lacks subject matter jurisdiction, it 'is powerless to continue' and must dismiss the complaint." (citing *Am. Tobacco Co.*, 168 F.3d at 410)).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.
2. The Clerk of Court shall **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Bonelson Taillefer, *Pro Se*
A# 244054596
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194